Filing # 44230965 E-Filed 07/20/2016 08:09:33 PM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA |
| | GENERAL JURISDICTION DIVISION |
| RAMON QUILES, | CASE NO. |
| Plaintiff, | |
| vs. | |
| ELL-GEE, INC., CLUB MADONNA, INC. and LEROY GRIFFITH, | |
| Defendants. | **COMPLAINT** |

Plaintiff, through counsel, on behalf of himself and all others similarly situated (hereinafter referred to as the "Hourly Employees") sues Defendants for overtime and minimum wage violations and for retaliation, and states:

### A. JURISDICTION, PARTIES & VENUE

1. The amount in dispute in these proceedings exceeds the sum of $15,000.00, exclusive of interest, costs and attorneys' fees. This is a claim by Plaintiff and the Hourly Employees against Defendant for minimum wage and overtime violations.

2. From January 2014 through 7/10/16, Plaintiff worked for Defendants in Miami-Dade County, Florida as a Driver. At the time of hire, Defendants agreed to pay Plaintiff $10.00 per hour for all hours worked and $15.00 for all hours worked over 40.

1

**EXHIBIT "B"**

3. Defendants Ell-Gee, Inc. and Club Madonna, Inc. engage in business in Miami-Dade County, Florida as a strip-club and have gross revenues far in excess of $500,000.00 during the time that Plaintiff and the Hourly Employees worked for such companies. Both companies have the same ownership, officers, directors, accounting, payroll, assets which all conduct business at 1527 Washington Ave., Miami Beach FL 33139.

4. Defendant Leroy Griffith was and is Ell-Gee, Inc.'s and Club Madonna, Inc.'s President, owner, officer and director and had direct control over Plaintiff's and the Hourly Employees terms and conditions of work and the FLSA violations alleged at Counts I-II.

### B. GENERAL ALLEGATIONS

5. Defendants hired Plaintiff to work as a Driver and agreed to pay him $10.00 per hour and $15.00 per hour for all hours of overtime. Defendants, however, failed and refused to pay Plaintiff anything for 550 non-overtime hours ($8.05 x 550hours = $4,427.50 x 2 = $8,855.00) of work and 645 overtime hours of work ($15.00 x 645 OT hours = $9,675 x 2 = $19,350.00). Defendants paid the other similarly situated Hourly Employees exactly the same as Plaintiff where they failed to pay them for their overtime hours and failed to pay anything for numerous hours of work.

2

6. Plaintiff has performed and/or satisfied all conditions precedent on her part to be performed and/or Defendant has otherwise waived such conditions by their actions.

7. Plaintiff is entitled to his attorneys' fees and costs for bringing this action pursuant to the §216 of the FLSA and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for his fees and costs incurred herein.

## COUNT I
## UNPAID MINIMUM WAGES

8. Plaintiff and the Hourly Employees readopt and reallege all allegations contained in ¶¶ 1-7 above.

9. Plaintiff and the Hourly Employees bring Count I under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") against Defendant for minimum wage violations.

10. Plaintiff and the Hourly Employees worked for Defendants as non-exempt employees and they were not paid at least the minimum wage for all hours worked for Defendants.

11. Plaintiff and the Hourly Employees seek to recover from Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

/                    /              /                /

12. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

13. Defendants were, and at all times pertinent to this Complaint, engaged in interstate commerce and are otherwise subject to the FLSA. By reason of the foregoing, Defendants were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

14. By reason of their employment with Defendants, Plaintiff and the Hourly Employees were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Hourly Employees was directly essential to those interstate activities described in ¶13 above, which was directly essential to the business performed by Defendants. Plaintiff and the Hourly Employees, by virtue of their job duties and functions as described above, were engaged in commerce.

15. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked unpaid hours for Defendants in violation of the FLSA.

/          /          /          /          /

4

16. Defendants also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Plaintiff's and the Hourly Employees' hours of work.

17. Plaintiff and the Hourly Employees were entitled to be paid at least the minimum wage for all hours worked.

18. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the non-payment of minimum wages by its failure to pay Plaintiff and the Hourly Employees at least the minimum wages in accordance with the FLSA.

19. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the Hourly Employees have suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendants' willful disregard of the FLSA, Plaintiff and the Hourly Employees are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Hourly Employees demand judgment against Defendants for payment of all owed minimum wages for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT II
## UNPAID OVERTIME

20. Plaintiff and the Hourly Employees readopt and reallege all allegations contained in ¶¶ 1-7 above.

21. Plaintiff and the Hourly Employees bring Count II under the FLSA against Defendants for overtime violations.

22. Plaintiff and the Hourly Employees worked for Defendants as non-exempt employees and were not paid their owed overtime by Defendants.

23. Plaintiff and the Hourly Employees seek to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

24. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

25. Defendants were, and at all times pertinent to this Complaint, engaged in interstate commerce and are otherwise subject to the FLSA. By reason of the foregoing, Defendants were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

26. By reason of their employment with Defendants, Plaintiff and the Hourly Employees were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Hourly

Employees was directly essential to those interstate activities described in ¶25 above, which was directly essential to the business performed by Defendants. Plaintiff and the Hourly Employees, by virtue of their job duties and functions as described above, were engaged in commerce.

27. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 *et seq.* in that Plaintiff and the Hourly Employees performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendants to properly pay Plaintiff and the Hourly Employees at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

28. Defendants also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Plaintiff's and the Hourly Employees' hours of work.

29. Plaintiff and the Hourly Employees were entitled to be paid at their applicable overtime for all hours worked in excess of forty (40) per workweek.

30. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime compensation by its failure to pay Plaintiff and the Hourly Employees for their overtime hours in accordance with the FLSA.

31. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the Hourly Employees have suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendants' willful disregard of the FLSA, Plaintiff and the Hourly Employees are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Hourly Employees demand judgment against Defendants for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

### COUNT III
### VIOLATION OF 29 U.S.C. § 215(a)(3)
### AGAINST DEFENDANT

32. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-7 above.

33. Shortly before Plaintiff was fired, Plaintiff complained to Defendants that he should be paid at least the minimum wage and overtime.

34. In response to Plaintiff's complaint as provided at ¶33 above, Defendants fired Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

35. Defendants showed reckless disregard of the provisions of the FLSA concerning its retaliation against Plaintiff for her FLSA complaint.

36. By reason of the foregoing acts of Defendants, Plaintiff has suffered damages, and she is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for its violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable for Counts I-III.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
3126 Center St.
Miami, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com
scheduling_ljmpa@comcast.net

8/22/16
6:00pm
Leroy
Griffith
HR#
1226

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RAMON QUILES,    :    CASE NO. 2016-018637-CA-01
                 :
       Plaintiff, :
                 :
vs.              :
                 :
ELL-GEE, INC., CLUB :
MADONNA, INC. and :
LEROY GRIFFITH,  :
                 :
       Defendants. :    **SUMMONS**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

   YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant CLUB MADONNA, INC. **BY SERVING, PURSUANT TO F.S. §48.091:**

   Registered Agent:   Leroy Griffith
                       1527 Washington Ave.
                       Miami Beach, Fl 33139

   If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

   **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

   1. The president or vice president, or other head of the corporation; and/or in his or her absence;

   2. The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

1

   3.   Any director; and in the absence of all of the above; or

   4.   Any officer or business agent residing in the state.


   Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

               McGUINNESS & GONZALEZ, P.A.
                  Counsel for Plaintiff
                     3126 Center St.
                Coconut Grove, Florida 33133
                  Tel No.: (305) 448-9557
                  Fax No.: (305) 448-9559
                    ljmpalaw@netzero.com
                 scheduling_ljmpa@comcast.net


      Attention:   LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

   DATED ON _____, 2016.

              AUG 02 2016

                              Clerk of the Court

                              By: _____
                                 as Deputy Clerk

                                 2

# **RETURN OF SERVICE**

| | | |
|---|---|---|
| **State of Florida** | **County of Miami-Dade** | **Circuit Court** |

Case Number: 2016-018637-CA-01

Plaintiff:
**RAMON QUILES**

vs.

Defendant:
**ELL-GEE, INC., CLUB MADONNA, INC., AND LEROY GRIFFITH**

For:
Lawrence McGuinness
McGuinness & Gonzalez, P.A.
1627 Sw 37 Avenue
Suite 100
Miami, FL 33145

Received by DLE Process Servers on the 2nd day of August, 2016 at 12:50 pm to be served on **Club Madonna, Inc. c/o Leroy Griffith, 1527 Washington Avenue, Miami Beach, FL 33139**.

I, Helmer Ramirez, do hereby affirm that on the **22nd day of August, 2016** at **6:00 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Leroy Griffith** as **Registered Agent** for **Club Madonna, Inc.**, at the address of: **1527 Washington Avenue, Miami Beach, FL 33139**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the following document and that the facts stated are true. F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

_____
Helmer Ramirez
Process Server #1428

DLE Process Servers
247 S.W. 8 Street
#261
Miami, FL 33130
(786) 220-9705
Our Job Serial Number: DLE-2016014012

8/22/16
6:00pm
Leroy
Griffith
Apt#
1226

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RAMON QUILES, : CASE NO. 2016-018637-CA-01
:
   Plaintiff, :
:
vs. :
:
ELL-GEE, INC., CLUB :
MADONNA, INC. and :
LEROY GRIFFITH, :
:
   Defendants. : **SUMMONS**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

 YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant Ell-Gee, Inc. **BY SERVING, PURSUANT TO F.S. §48.091:**

  Registered Agent: Leroy Griffith
         1527 Washington Ave.
         Miami Beach, Fl 33139

 If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

 **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

 1. The president or vice president, or other head of the corporation; and/or in his or her absence;

 2. The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

1

3. Any director; and in the absence of all of the above; or

4. Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

>McGUINNESS & GONZALEZ, P.A.
>Counsel for Plaintiff
>3126 Center St.
>Coconut Grove, Florida 33133
>Tel No.: (305) 448-9557
>Fax No.: (305) 448-9559
>ljmpalaw@netzero.com
>scheduling_ljmpa@comcast.net

Attention: LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____AUG 02 2016_____, 2016.

Clerk of the Court

By: _____
   as Deputy Clerk

2

# RETURN OF SERVICE

**State of Florida**          **County of Miami-Dade**          **Circuit Court**

Case Number: 2016-018637-CA-01

Plaintiff:
**RAMON QUILES**

vs.

Defendant:
**ELL-GEE, INC., CLUB MADONNA, INC., AND LEROY GRIFFITH**

For:
Lawrence McGuinness
McGuinness & Gonzalez, P.A.
1627 Sw 37 Avenue
Suite 100
Miami, FL  33145

Received by DLE Process Servers on the 2nd day of August, 2016 at 12:51 pm to be served on **Ell-Gee, Inc. c/o Leroy Griffith, 1527 Washington Avenue, Miami Beach, FL 33139**.

I, Helmer Ramirez, do hereby affirm that on the **22nd day of August, 2016 at 6:00 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Leroy Griffith** as **Registered Agent** for **Ell-Gee, Inc.**, at the address of: **1527 Washington Avenue, Miami Beach, FL 33139**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the following document and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

Helmer Ramirez
Process Server #1428

DLE Process Servers
247 S.W. 8 Street
#261
Miami, FL 33130
(786) 220-9705
Our Job Serial Number: DLE-2016014013

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5h