UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: Case No: 16-23825-FAM

RAMON QUILES,

      Plaintiff,

vs.

ELL-GEE, INC., CLUB
MADONNA, INC., and LEROY GRIFFITH,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

     Defendants, ELL-GEE, INC., ("Ell-Gee"), CLUB MADONNA, INC., ("Club Madonna"), and LEROY GRIFFITH ("Griffith") (collectively "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff, RAMON QUILES' ("Plaintiff") Complaint, and state as follows:

## ANSWER

    1.    As to paragraph 1, Defendants admit this is an action for alleged minimum wage and overtime violations, but Deny Plainitff (or any similarly situated employees) are entitled to any relief whatsoever. Defendants deny the remainder and demand strict proof thereof.

    2.    As to paragraph 2, Defendants admit Plaintiff was employed as a drvier by Ell-Gee, and deny the remainder and demand strict proof thereof.

    3.    As to paragraph 3, Defendants admit Club Madonna operated a strip-club. Defendants deny the remainder and demand strict proof thereof.

4.      As to paragraph 4, Defendants admit Griffith was and is an officer and owner of Ell-Gee and Club Madonna, but deny the remainder and demand strict proof thereof.

5.      As to paragraph 5, Defendants deny same and demand strict proof thereof.

6.      As to paragraph 6, Defendants deny same and demand strict proof thereof.

7.      As to paragraph 5, Defendants deny same and demand strict proof thereof.

## COUNT 1 – UNPAID MINIMUM WAGES UNDER FLSA

8.      Defendants re-allege and incorporate by reference their responses to paragraphs 1-7.

9.      As to paragraph 9, Defendants admit this is an action for alleged minimum wage violations, but Deny Plainitff (or any similarly situated employees) are entitled to any relief whatsoever.  Defendants deny the remainder and demand strict proof thereof.

10.     As to paragraph 10, Defendants deny same and demand strict proof thereof.

11.     As to paragraph 11, Defendants admit this is an action for alleged minimum wage violations, liquidated damages, costs and fees, but Deny Plainitff (or any similarly situated employees) are entitled to any relief whatsoever.  Defendants deny the remainder and demand strict proof thereof.

12.     As to paragraph 12, Defendants admit this Court has subject matter jurisdiction over this matter based on the federal questions presented.  Defendants deny the remainder and demand strict proof thereof.

13.     As to paragraph 13, Defendants deny same and demand strict proof thereof.

14.     As to paragraph 14, Defendants deny same and demand strict proof thereof.

15.     As to paragraph 15, Defendants deny same and demand strict proof thereof.

16.     As to paragraph 16, Defendants deny same and demand strict proof thereof.

17.    As to paragraph 17, Defendants deny they were required to pay minimum wages to Plaintiff (or any similarly situated employee) under the FLSA, and demand strict proof thereof.

18.    As to paragraph 18, Defendants deny same and demand strict proof thereof.

19.    As to paragraph 19, Defendants deny same and demand strict proof thereof.

## COUNT 2 – UNPAID OVERTIME UNDER FLSA

20.    Defendants re-allege and incorporate by reference their responses to paragraphs 1-7.

21.    As to paragraph 20, Defendants admit this is an action for alleged unpaid overtime wage violations, but Deny Plaintiff (or any similarly situated employees) are entitled to any relief whatsoever.  Defendants deny the remainder and demand strict proof thereof.

22.    As to paragraph 22, Defendants deny same and demand strict proof thereof.

23.    As to paragraph 23, Defendants admit this is an action for alleged unpaid overtime, liquidated damages, costs and fees, but Deny Plaintiff (or any similarly situated employees) are entitled to any relief whatsoever.  Defendants deny the remainder and demand strict proof thereof.

24.    As to paragraph 24, Defendants admit this Court has subject matter jurisdiction over this matter based on the federal questions presented.   Defendants deny the remainder and demand strict proof thereof.

25.    As to paragraph 25, Defendants deny same and demand strict proof thereof.

26.    As to paragraph 26, Defendants deny same and demand strict proof thereof.

27.    As to paragraph 27, Defendants deny same and demand strict proof thereof.

28.    As to paragraph 28, Defendants deny same and demand strict proof thereof.

29.    As to paragraph 29, Defendants deny they were required to pay overtime wages to Plaintiff (or any similarly situated employee) under the FLSA, and demand strict proof thereof.

30.     As to paragraph 30, Defendants deny same and demand strict proof thereof.

31.     As to paragraph 31, Defendants deny same and demand strict proof thereof.

## COUNT 3 – RETALIATION UNDER FLSA

32.     Defendants re-allege and incorporate by reference their responses to paragraphs 1-7.

33.     As to paragraph 33, Defendants deny same and demand strict proof thereof.

34.     As to paragraph 34, Defendants deny same and demand strict proof thereof.

35.     As to paragraph 35, Defendants deny same and demand strict proof thereof.

36.     As to paragraph 36, Defendants deny same and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Defendants had a reasonable, good faith belief that they were not violating the FLSA and are therefore not liable for liquidated damages.  Any violations of the FLSA were unintentional, and therefore liquidated damages are not recoverable, and Plaintiff is barred from seeking damages for any time period more than two years prior to the *filing of the Complaint* in this matter.  At no time did Defendants willfully violate the requirements under the FLSA.

2.     Defendants are exempt from the overtime requirements of the FLSA pursuant to the Motor Carrier Act, 29 U.S.C. § 213(b) (the "MCA").

3.     Griffith is not an "employer" as that term is defined under the FLSA.  Griffith did not exercise such control over Plaintiff's employment as to make him personally liable.

4.     Plaintiff was paid in excess of the minimum wage amounts required by the FLSA, and therefore any claim for violations of the FLSA premised upon an alleged failure to pay the minimum wage fails as a matter of law.

5.    The causes of action set forth in the Complaint are barred by the applicable statute of limitations, in such cases made and provided.    Neither Plainitff, nor any similarly situated person, can seek damages for any time period more than two years prior to the *filing of Plainitff's consent to proceed as party plaintiff* in this matter. At no time did Defendants willfully violate the requirements under the FLSA.

6.    To the extent Plaintiff seeks damages for front pay, such damages are barred because Plaintiff failed to mitigate his damages by not reasonably seek gainful employment, or in the alternative, Plaintiff has obtained employment and has earned wages in excess of what he was earning for any and all of the Defendants thereby barring any claim for front pay damages. Additionally, Plaintiff's claims for front pay are barred by the doctrine of unclean hands.

7.    Plaintiff's claim for retaliation fails because he never engaged in statutorily protected activity, and never suffered any adverse employment action based upon his alleged participation in any protected activity. Further, there is no sufficient nexus between the alleged reporting of unlawful conduct and the adverse employment action, and the amount of time between the alleged reporting of unlawful conduct and termination was too long a period to give rise to a retaliation claim.

8.    Plaintiff's claim for retaliation must be barred in whole or in part on the grounds that even if any decision concerning Plaintiff's employment was based, in part, on retaliatory grounds, Defendants would have reached the same decision to terminate Plaintiff's employment absent any alleged retaliation.

9.    Plaintiff's retaliation claim fails because the actions taken with respect to Plaintiff were based on and because of legitimate, non-retaliatory reasons, which are wholly unrelated to any alleged complaint or protest made by Plaintiff.

5

10.     Plaintiff's claim for back wages is barred, in whole or in part, to the extent that his employment would have been terminated based on after-acquired evidence.

11.     Plaintiff's claims are barred by the doctrine of payment. Plaintiff was paid any and all sums owed and during to him under any contract entered into between the Parties and any requirements under Federal or State law, including but not limited to the FLSA.

12.     Plaintiff's claims against Club Madonna fail because he was not employed by Club Madonna during the relevant time period.

## NON-WAIVER

Each and every allegation in the Complaint not specifically admitted is denied, and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of a defense.  Defendants also reserve their right to serve additional affirmative defenses as discovery proceeds.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request this Court:

A. dismiss the claims against them;

B. award them taxable costs and attorneys' fees pursuant to 29 U.S.C § 216(b) and any other statute permitting an award of attorneys fees in this matter; and

C. award them any and all further relief that is just and equitable.

Respectfully submitted,

By: s/Joshua M. Entin___
   Joshua M. Entin, Esq.
   Florida Bar No. 0493724
   Entin & Della Fera, P.A.
   110 S.E. 6th Street, Suite 1970
   (p) 954-761-7201
   (f) 954-764-2443
   e-mail: josh@entinlaw.com
   *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on <u>September 13, 2016</u> I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/ Joshua M. Entin, Esq.</u>
Joshua M. Entin, Esquire

## ATTACHED SERVICE LIST

**RAMON QUILES vs. ELL-GEE, INC., CLUB MADONNA, INC.,
and LEROY GRIFFITH
Case No: 16-23825 FAM
United States District Court, Southern District of Florida**

**Lawrence J. McGuinness, Esquire**
*McGuinness & Gonzalez, P.A.*
*3126 Center Street*
*Miami, Florida 33133*
*Tel: (305) 448-9557*
*Fax: (305) 448-9559*
*E-Mail:  ljmpalaw@netzero.com*
*Scheduling_ljmpa@comcast.net*
**Attorney for Plaintiff**