UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-cv-23825-MORENO

RAMON QUILES,

    Plaintiff,

v.

ELL-GEE, INC., CLUB MADONNA, INC.,
and LEROY GRIFFITH,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## STATEMENT OF UNDISPUTED FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendants submit this Response to Plaintiff's Statement of Undisputed Facts [D.E. 20], in opposition to Plaintiff's Motion for Partial Summary Judgment [D.E. 19].

1. Disputed. Defendant Griffith testified at deposition that he is not the sole owner of the Defendant corporations. *See* [Griffith Dep. 26:4-16]. Additionally, Plaintiff cites to no evidence other than his own affidavit to support his contention that he "worked as a Limo Driver for all three Defendants." Genuine issues remain as to whether Plaintiff was employed by Defendants Club Madonna, Inc. and/or Leroy Griffith.

2. Disputed. Defendant Griffith testified at deposition that he is not the sole owner of the Defendant corporations. *See* [Griffith Dep. 26:4-16]. Additionally, the only citation provided by Plaintiff in support of his assertions in this paragraph does not contain any evidence to confirm that Griffith himself always paid Plaintiff or controlled Plaintiff's work. In Plaintiff's own deposition testimony, he stated that "[t]he GM is responsible. I used to do what he told me." [Pl. Dep. 34:16-17]. As another example, Plaintiff stated that

1

said GM, an individual by the name of "Darryl", sometimes paid him in cash. [Pl. Dep. 25:8-11].

3. Disputed. The testimony cited by Plaintiff in support of this paragraph does not necessarily establish Plaintiff's contention that "Griffith makes all the employment/business decisions related to the Defendant corporations." Indeed, while Griffith admits to hiring Plaintiff, he also acknowledges that Plaintiff could have been hired by one of the other managers. *See* [Griffith Dep. 8:3-4]

4. Disputed. The testimony cited by Plaintiff in support of this paragraph does not necessarily establish Plaintiff's contention that "Griffith signed the paychecks for all employees working for Defendants Club Madonna, Inc. and Ell Gee, Inc., including Plaintiff." Indeed, while Griffith admits to signing some checks, he also testified that the payroll company signed checks for employees, and that persons other than he would sometimes pay Plaintiff in cash. *See* [Griffith Dep. 13:14-16; 22:10-11]. Additionally, Griffith testified that his wife also has a right to, and may have, signed checks for employees. *See* [Griffith Dep. 23:2-4].

5. Disputed. It is undisputed that Griffith hired the Plaintiff. However, this paragraph is misleading in that Griffith never testified to firing the Plaintiff from the employment at issue in this case. Indeed, Griffith admits to firing Plaintiff from a prior employment stint, before rehiring him to work during the period of employment that is at issue in this case. For purposes of clarity, it is Defendants' position that Plaintiff quit his employment that is at issue in this case. *See* [Griffith Dep. 21:14-23]. Additionally, the testimony cited to by Plaintiff does not establish Plaintiff's contention that Griffith "directed/supervised his work as a limo driver."

6. Disputed. While it is stipulated that the Defendant corporations conducted business out of the same office and used the same accountant, the testimony cited by Plaintiff does not affirmatively support Plaintiff's contention that the Defendant corporations paid taxes together, had the same employees or shared assets.

7. Disputed. Plaintiff's contention in this paragraph is overbroad and misleading. Additionally, Defendants object to the Plaintiff's reliance on inadmissible evidence such as stipulations made by prior counsel in unrelated cases involving one or more of the Defendants.

8. Disputed. Plaintiff's use of a pretrial stipulation from a 2008 lawsuit against two of the named Defendants in this case is inadmissible and improperly relied upon for purposes of a summary judgment.

9. Disputed. Plaintiff's use of what appears to be an email between attorneys from a 2009 lawsuit against the named Defendants in this case is inadmissible and improperly relied upon for purposes of a summary judgment.

10. Disputed. Plaintiff's use of a court order based upon representations of the parties in a 2009 lawsuit is inadmissible and improperly relied upon for purposes of a summary judgment in this case. Additionally, Plaintiff's assertion that the court in that case determined that "Defendants were a joint enterprise for purposes of the FLSA" is patently false. The order clearly reads that "…the Court finds that Plaintiff is not entitled to summary judgment on his claim that 'Defendant corporations are joint enterprises for purposes of the FLSA.'" *See* [Pl.'s Ex. 3 at 9]. Additionally, Plaintiff neglects to inform the Court that the order was entered after the defendants in that case failed to file any response in opposition.

11. Disputed. Plaintiff's use of an Answer and Counterclaim filed in another unrelated case against two of the named Defendants is inadmissible and improperly relied upon for purposes of a summary judgment. Additionally, to the extent that this Court is inclined to consider an averment made in an Answer, such admission was made only with respect to Club Madonna, Inc.

12. Disputed. Plaintiff relies only on his own affidavit, and provides no additional record evidence to support his contention. Based upon the testimony of Leroy Griffith alone, there exists genuine issues of material fact as to whether Plaintiff's work hours were tracked, whether Plaintiff worked more than forty hours per work week, whether Plaintiff was paid overtime, and which entity or individuals employed Plaintiff. Indeed, Griffith testified that Plaintiff's allegations in this case are untruthful, and that when confronted, Plaintiff stated that his attorney instructed him to "tell them you asked us to work overtime and you did those things." *See* [Griffith Dep. 7:22-8:1].

Dated: March 21, 2017

Respectfully submitted,

s/Robert L. Switkes
Florida Bar No. 241059
rswitkes@switkeslaw.com

**ROBERT L. SWITKES & ASSOCIATES, P.A.**
407 Lincoln Road, Penthouse SE
Miami Beach, FL 33139
Telephone: (305) 534-4757
Facsimile: (305) 538-5504
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert L. Switkes<br>
Robert L. Switkes, Esq.

## SERVICE LIST
*Quiles v. Ell-Gee, Inc., et al.*
United States District Court, Southern District of Florida
Case No.: 16-cv-23825-MORENO

**Lawrence J. McGuinness, Esquire**
McGuinness & Gonzalez, P.A.
3126 Center Street
Miami, FL 33133
Tel: (305) 448-9557
Fax: (305) 448-9559
E-Mail: ljmpalaw@netzero.com
Scheduling_ljmpa@comcast.net
*Counsel for Plaintiff*
*Via CM/ECF Notice of Electronic Filing*