UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-23825-FAM

RAMON QUILES,

      Plaintiff,

v.

ELL-GEE, INC.,
CLUB MADONNA, INC.,
and LEROY GRIFFITH,

      Defendants.

_____/

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Defendants, ELL-GEE, INC., CLUB MADONNA, INC. and LEROY GRIFFITH (collectively, the "Defendants"), by and through their undersigned counsel, hereby give notice of filing their proposed Jury Instructions and Verdict Form, respectfully requesting that the attached instructions be given to the Jury by the Court. Defendants also reserve the right to modify, supplement, or withdraw any requested instructions prior to final submission and request additional instructions as the evidence warrants.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

(1.1 General Preliminary Instruction)

**Members of the Jury:**

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The Jury's Duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Ramon Quiles, claims the Defendants, Ell-Gee, Inc., Club Madonna, Inc., and Leroy Griffith, failed to pay him minimum wage and overtime during his employment as a limousine driver for the Defendants. The Plaintiff claims that he would regularly work overtime hours for which he was not paid overtime wages in violation of the FLSA, and that he was not paid anything for numerous hours of work. The Plaintiff also claims that he was terminated by the Defendants for complaining about not being paid minimum wage and overtime. The Defendants deny those claims and contend that the Plaintiff was properly paid for all hours that he worked.

<u>Burden of proof</u>:

The Plaintiff, Ramon Quiles, has the burden of proving his case by what the law calls a "preponderance of the evidence." That means the Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring the Plaintiff and the evidence favoring the Defendants on opposite sides of balancing scales, the Plaintiff needs to make the scales tip to his 3side. If the Plaintiff fails to meet this burden, you must find in favor of the Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

<u>Conduct of the Jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other

means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiff will present his witnesses and ask them questions. After the Plaintiff questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**AUTHORITY:**        **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 1.1**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

(3.2.2 The Duty to Follow Instructions – Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**AUTHORITY:        Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.2.2**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

(3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel;
Comments by the Court)

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


**AUTHORITY:**          **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.3**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### (3.4 Credibility of Witnesses)

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?


**AUTHORITY:**      **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.4**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

(3.5.1 Impeachment of Witnesses Because of Inconsistent Statements)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.


**AUTHORITY:**       **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.5.1**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6</u>

(3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence)

In this case it is the responsibility of the Plaintiff, Ramon Quiles, to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.


**AUTHORITY:**      **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.7.1**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

(4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 *et seq.*)

In this case, the Plaintiff, Ramon Quiles, claims that the Defendants, Ell-Gee, Inc., Club Madonna, Inc., and Leroy Griffith, did not pay him minimum wage and overtime pay as required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claims against the Defendants, the Plaintiff must prove the following facts by a preponderance of the evidence:

That the Defendants failed to pay him minimum wage and overtime as required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $8.05 per hour. To determine whether an employer has paid the minimum wage, it is entitled to a credit for the reasonable costs of furnishing certain non-cash items to the Plaintiff, such as meals and lodging for the employee's benefit, and the employee voluntarily accepts them.

Overtime claim: The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. To calculate how much overtime pay was owed to the

Plaintiff for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. The Defendants failed to pay the Plaintiff the required overtime pay if it paid him less than that amount.

If you find that the Plaintiff has proved his claims, then you must turn to the question of damages which the Plaintiff is entitled to recover. The amount of damages is the difference between the amount the Plaintiff should have been paid and the amount he was actually paid. The Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit [August 2016] – unless you find that the employer either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then the Plaintiff is entitled to recover lost wages from date of your verdict back to no more than three years before he filed this lawsuit.

If you find that the Defendants failed to keep adequate time and pay records for the Plaintiff and that the Plaintiff performed work for which he should have been paid, the Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, the Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

**AUTHORITY:**      **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 4.14 (Modified)**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

(4.22 Retaliation – Title VII, ADEA, ADA and FLSA)

In this case, the Plaintiff claims that the Defendants retaliated against the Plaintiff because he took steps to enforce his lawful rights under the Fair Labor Standards Act.

The Fair Labor Standards Act prohibits employers from taking any retaliatory action against an employee because the employee has engaged in a protected activity – namely, complaining about an employer's violations of the Act.

The Plaintiff claims that the Defendants terminated his employment because the Plaintiff engaged in a protected activity, namely complaining to the Defendants that his wages were not properly paid.

The Defendants deny the Plaintiff's claim and assert that the Plaintiff never complained to them about his wages. To succeed on his claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    The Plaintiff engaged in a protected activity;

Second: The Defendants then took an adverse employment action;

Third: The Defendants took the adverse employment action because of the Plaintiff's protected activity; and

Fourth: The Plaintiff suffered damages because of the adverse employment action.

In the Verdict Form that I will explain in a moment, you will be asked to answer questions about these factual issues.

**AUTHORITY:**        **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 4.22 (Modified)**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### (3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.


**AUTHORITY:**      **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.81**

**GRANTED:**

**DENIED:**

**MODIFIED:**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

(3.9 Election of Foreperson; Explanation of Verdict Form)

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.


**AUTHORITY:**        **Eleventh Circuit, Civil Pattern Jury Instructions (2013) 3.9**

**GRANTED:**

**DENIED:**

**MODIFIED:**

## <u>JURY VERDICT FORM</u>

**Do you find from a preponderance of the evidence:**

1. That Ell-Gee, Inc., Club Madonna, Inc., and Leroy Griffith, failed to pay Ramon Quiles the minimum wage required by law?

Answer Yes or No      _____

2. That Ell-Gee, Inc., Club Madonna, Inc., and Leroy Griffith, failed to pay Ramon Quiles overtime pay as required by law?

Answer Yes or No      _____

3. That Ell-Gee, Inc., Club Madonna, Inc., and Leroy Griffith, terminated Ramon Quiles because he complained about violations of the FLSA?

Answer Yes or No      _____

**If all of your answers to the above questions are "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If one or more of your answers is "Yes," go to the next question.**

4. That Ell-Gee, Inc., Club Madonna, Inc., and Leroy Griffith, knew or showed reckless disregard for whether the FLSA prohibited their conduct?

Answer Yes or No      _____

5. That Ramon Quiles should be awarded damages?

Answer Yes or No      _____

If your answer is "Yes,"

in what amount? $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

DATED this <u>17th</u> day of April, 2017.

                                      Respectfully Submitted,

                                      <u>s/Robert L. Switkes</u>
                                      Robert L. Switkes, Esq.
                                      FBN: 241059
                                      <u>s/Bradley F. Zappala</u>
                                      Bradley F. Zappala, Esq.
                                      FBN: 111829

                                      **ROBERT L. SWITKES & ASSOCIATES, P.A.**
                                      407 Lincoln Road, Penthouse SE
                                      Miami Beach, Florida 33139
                                      Ph. (305) 534-4757
                                      Fax (305) 538-5504
                                      rswitkes@switkeslaw.com
                                      *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2017, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Bradley F. Zappala</u>

## **SERVICE LIST**
United States District Court, Southern District of Florida
*Quiles v. Ell-Gee, Inc. et.al.*
Case No. 16-CV-23825-FAM

Counsel for Plaintiff
Lawrence J. McGuinness
McGuinness & Gonzalez, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel: 305-448-9557
Fax: 305-448-9559
Email: ljmpalaw@netzero.com
*Via CM/ECF*